IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD R.L. GRANT, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant.[1] | Case No. 24 C 8078 <br><br> Hon. LaShonda A. Hunt |

## MEMORANDUM OPINION AND ORDER

This dispute arises from an allegedly fraudulent charge of $510 on Richard R.L. Grant's ("Grant") credit card account issued by JPMorgan Chase Bank N.A. ("Chase"). Upon discovery, Grant immediately contacted Chase to remove the charge, and Chase did so initially but after further investigation, reversed course. In response, Grant filed this thirteen-count action against Chase and others who ultimately settled their claims. Chase answered Grant's claims of violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s-2(b) *et seq.* (Counts I-V, XII) and moved to dismiss all other claims under Federal Rule of Civil Procedure 12(b)(6).

Chase argues that the Truth in Lending Act, 15 U.S.C. § 1643 ("TILA") (Count VI) claim is time-barred; the state-law claims (Counts VII-XI), which are premised on the application of 12 C.F.R. § 1026.1 *et seq.* ("Regulation Z") to state law, fail to state a claim as a matter of law; and the declaratory judgment claim (Count XIII) should be dismissed because Grant's filing and subsequent voluntary dismissal of an identical state-court action cannot toll the statute of limitations. For the reasons discussed below, Chase's motion to dismiss (Dkt. 34) is granted.

---

[1] Plaintiff and all non-Chase defendants—Hertz Global Holdings, Inc., The Hertz Corporation (together, "Hertz Defendants"), Localiza Fleet, S.A. ("Localiza"), and Hertz Localiza Referral and Brand Joint Venture—stipulated to dismissal with prejudice of their claims on April 25, 2025. (Dkt. 71).

**BACKGROUND**

Before his trip to Brazil in October of 2021, Grant rented a car on hertz.com. (Compl. ¶¶ 9-13). Upon his arrival in São Paulo, Brazil on October 11, 2021, Grant learned that he rented the car from Localiza—not either Hertz Defendant—pursuant to a joint venture. (*Id.* ¶¶ 7-8, 15). A month into his Brazilian trip, Grant arrived in Rio de Janeiro and went through a similar process— he rented a car on hertz.com and received a car through Localiza. (*Id.* ¶¶ 19-25).

In April 2022, Localiza charged $510 to Grant's Chase-issued credit card without Grant's consent or authorization. (*Id.* ¶ 29). Because these charges were not made by Grant, on April 21, 2022, he emailed Chase to alert it of potential fraud. (*Id.* ¶ 30). Three days later, he called Chase to confirm that the charge was fraudulent; in turn, Chase acknowledged his representation of fraud and removed the $510 charge the following day. (*Id.* ¶¶ 31-33).

However, on June 19, 2022, the $510 charge returned to Grant's account. (*Id.* ¶ 34). Because Grant did not use the card often, he did not realize until September 12, 2022 that the charge had been reinstated. (*See id.* ¶¶ 35-36). Grant immediately called Chase, who responded that it had inquired with Localiza about the charge and determined that someone purporting to be Grant had authorized the charges. (*Id.* ¶¶ 36-37). Upon review by Grant, he determined that the alleged authorization had been falsified when someone used his signature and identification information. (*Id.* ¶ 38). Chase did not remove the charge from Grant's account at that time. (*See id.* ¶ 39). Grant later notified four credit reporting agencies of these falsified documents and his dispute with Chase. (*Id.*). After investigation, the credit reporting agencies determined that they could not modify their records in accordance with Grant's wishes. (*Id.* ¶¶ 41-42).

On March 6, 2023, Grant filed a complaint in Illinois state court with "virtually identical" counts to the case *sub judice*. (*Id.* ¶ 1174).[2] Grant voluntarily dismissed the state court action on October 10, 2024.[3] (*See* Resp., Ex. 1, at 183, Dkt. 44-1).[4] During the pendency of the state court action, Grant filed this matter on September 5, 2024. (Compl., Dkt. 1). Chase now moves to dismiss several of Grant's claims as time-barred or for failure to state a claim. (*See* Mot., Dkt. 34). That motion is fully briefed and ripe for review.

## LEGAL STANDARD

Rule 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). For purposes of analyzing a motion to dismiss, facts that are well-pled must be accepted by the court as true, and all reasonable inferences must be drawn in the plaintiff's favor. *White v. United Airlines, Inc.*, 987 F.3d 616, 620 (7th Cir. 2021). However, the court need not accept legal conclusions as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). And a claim must be facially plausible to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A complaint may also be dismissed if the claims alleged are time-barred by the applicable statute of limitations. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). Although "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss . . . [an] exception

---

[2] *See also Grant v. JPMorgan Chase Bank, N.A.*, Case No. 23SC00000876 (Cir. Ct. Lake Cnty., Ill.).

[3] The Court may take judicial notice of proceedings in other courts. *See In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions).

[4] Page numbers in citations refer to the "PageID" in the CM/ECF header, not "Page __ of __" in the CM/ECF header or any page number appearing in the footer.

occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

## DISCUSSION

### I. TILA (Count VI)

Grant attempts to impose civil liability on Chase through 15 U.S.C. § 1640(e), due to its alleged violation of 15 U.S.C. § 1643. "Section 1643 limits a cardholder's liability for "unauthorized use' of the cardholder's credit card." *Asher v. Chase Bank United States, N.A.*, 310 F. App'x 912, 918 (7th Cir. 2009). Unauthorized use is defined as use "by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." 15 U.S.C. § 1602(o). When "certain conditions are met . . . , there is a $50 limit on the liability of cardholders for charges that are made by third parties without actual, implied or apparent authority and from which the cardholder receives no benefit." *Draiman v. Am. Express Travel Related Servs. Co.*, 892 F. Supp. 1096, 1098 (N.D. Ill. 1995). Although TILA does not state explicitly that a cardholder can bring a suit claiming a violation of 15 U.S.C. § 1643, the Seventh Circuit has recognized, on similar facts, the existence of a cardholder claim under § 1643. *Asher*, 310 F. App'x at 916.

"[L]ike all TILA claims, a claim under § 1643 is subject to a one-year statute of limitations." *Id.* The Seventh Circuit instructs that "a [§ 1643] violation occurs when the card issuer notifies the cardholder that despite the cardholder's claim of fraud, the card issuer will not reimburse the cardholder for the disputed amount." *Id.* at 919. The facts as pled, are that on April 21, 2022, Chase notified Grant of potentially fraudulent charges of $510 on his credit card from a rental car business. (Compl. ¶ 30). On April 24, 2022, Grant then called Chase to confirm the

charges were fraudulent, the following day, Chase then removed the charges. (*Id.* ¶¶ 31-33). However, on or about June 19, 2022, the $510 charge returned. (*Id.* ¶ 34). Grant did not become aware of the charge until September 12, 2022, when he called Chase and it informed him that upon inquiry with the rental car business, Chase had acquired documents purportedly establishing that the charges were not fraudulent. (*Id.* ¶¶ 36-38). Finally, Grant alleges that on September 22, 2022, he requested again that the charge be removed and Chase "refused to comply with [Grant]'s requests." (*Id.* ¶ 67).

For purposes of the motion to dismiss, the parties agree that Grant's TILA claim began to accrue on September 22, 2022, when Grant requested that Chase remove credit card charges from his account and Chase declined. (Resp. at 176-177, Dkt. 44) (stating that the "SOL trigger date" is "9/22/22"); (Mem. Supp., at 151, Dkt. 35) (stating that the statute of limitations began to accrue on September 22, 2022). Therefore, unless TILA's one-year statute of limitations was tolled, Grant's TILA claim is time barred because he did not file his complaint until September 5, 2024— or almost a year after the statute of limitations purportedly expired on September 22, 2023. Recognizing this problem, Grant makes two principal arguments: (1) his TILA claim is timely due to the filing of a similar state court action on March 6, 2023; (2) or, in the alternative, his TILA claim is proper under a continuing violation theory. (Resp., at 176-179). The Court finds both arguments unpersuasive.

First, Grant's filing of the state court action, which he later voluntarily dismissed, does not protect his TILA claim from expiration. "Voluntary dismissal without prejudice 'turns back the clock; it is as if the plaintiff's lawsuit had never been brought.'" *Paragon Sales & Servs. v. Onyx Arms Int'l*, No. 93 C 4039, 1997 WL 89230, at *4 (N.D. Ill. Feb. 25, 1997) (quoting *U.S. v. Mt. Vernon Mem. Est., Inc.*, 734 F.2d 1230, 1236 (7th Cir. 1984)); *Robinson v. Willow Glen Academy*,

895 F.2d 1168, 1169 (7th Cir. 1990) (voluntarily dismissed claim is "treated as if it had never been filed"); *Drake v. Chop Hosp. LLC*, No. 20 C 1574, 2021 WL 1088276, at *8 (N.D. Ill. Mar. 22, 2021) (same). Based on the foregoing, the fact that Grant filed this lawsuit one month before voluntarily dismissing his state court action has no bearing on his statute of limitations argument. *See, e.g., Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("The rule is therefore as we stated it: when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice."). Because federal law dictates that a claim voluntarily dismissed without prejudice has effectively never existed, the statute of limitations for Grant's TILA claim still expired on September 22, 2023—or one year after the claim began to accrue—pursuant to 15 U.S.C. § 1640(e). *See Choi v. Kondaur Capital Corp.*, No. 21 C 1895, 2022 WL 847566 at *8 (N.D. Ill. Mar. 22, 2022) (finding that claim under a federal statute that includes an express statute of limitations is not tolled by previously filed and voluntarily dismissed state court action). Grant did not file this lawsuit until September 5, 2024. (*See generally,* Compl., Dkt. 1). Therefore, his TILA claim is barred as untimely.

Second, the continuing violation theory does not save Grant's TILA claim either. A continuing violation occurs when "a tort involves a continued repeated injury." *Kovacs v. United States*, 614 F.3d 666, 676 (7th Cir. 2010) (quoting *Rodrigue v. Olin Emps. Credit Union*, 406 F.3d 434, 442 (7th Cir. 2005)). The doctrine "allows a complainant to obtain relief for a time-barred act . . . by linking it with acts that fall within the statutory limitations period." *Id.* (quoting *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999)). However, actions "so discrete in time or circumstances that they do not reinforce each other cannot reasonably be linked together in a single chain, a single course of conduct, to defeat the statute of limitations" by applying the

6

continuing-violation rule. *Id.* (quoting *Filipovic*, 176 F.3d at 396). Grant argues that because Chase hurt his credit score by reporting his balance to credit reporting agencies on June 17, 2022, the bank's conduct counts as a continuing violation. (Resp., at 178-179; Compl. ¶ 64). Not so.

While this Court's review did not unearth any Seventh Circuit cases applying the continuing violation theory to a Section 1643 claim, in *Gajewski v. Ocwen Loan Servicing*, the Seventh Circuit affirmed the district court's finding that the theory did not apply to the plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim. 650 F. App'x 283, 285-286 (7th Cir. 2016). In that case, the plaintiffs filed their FDCPA claim alleging that, after issuing a mortgage to them, the defendants misrepresented aspects of their debt, communicated false information to credit-rating agencies, and used unreasonable means to attempt to collect. *Id.* at 285. The defendants moved to dismiss the claim as untimely under the FDCPA's one-year statute of limitations. *Id.* at 286. After the district court granted the motion, the Plaintiffs appealed. Before the Seventh Circuit, they argued that each collection activity, which included reporting the information to credit agencies, led "to new, and separately prosecutable, violations of the FDCPA" under the continuing violation theory. *Id.* But the court found the plaintiffs to be mistaken, and that the defendants' actions were not "cumulative violations," as required by the theory, but were discrete acts which could be independently actionable. *Id.*

Grant's continuing violation argument suffers a similar fate as the plaintiffs in *Gajewski*. As previously established, the Seventh Circuit instructs that "a [§ 1643] violation occurs when the card issuer notifies the cardholder that despite the cardholder's claim of fraud, the card issuer will not reimburse the cardholder for the disputed amount." *Asher*, 310 F. App'x at 919. Grant's claim accrued on September 22, 2022, when Chase refused to reimburse him for the $510 credit charge. Chase's act of reporting is discrete from his TILA claim because it involves an injury separate

7

from the failure to reimburse, which gives Grant a separate claim that is not recognizable under TILA Section 1643. Indeed, Grant has at least one claim under the FCRA (Count III) related to Chase's reporting to credit agencies. (Compl. ¶¶ 365-367). And even if the reporting could be part of a continuing violation, Grant pleads that Chase reported his "derogatory credit reports" related to the charge on June 17, 2022. (*Id.* ¶ 64). Therefore, Grant's claim would still be time barred as the act allegedly giving him a continuing violation occurred *before* the date his TILA claim accrued. Accordingly, the Court finds that the continuing violation theory does not save Grant's claim and his TILA claim must be dismissed.

## II.     State Law Claims (Counts VII-XI)

Chase next argues that Grant's state-law claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, breach of contract, and violations of duty of good faith and fair dealing must fail. (Reply, at 425-427, Dkt. 54). Grant argues that Chase can be held vicariously liable for these claims due to the acts of others under Regulation Z. (Resp., at 179-180). He is mistaken.

Regulation Z is "the Truth in Lending Act['s] . . . implementing regulation." *Bureau of Consumer Fin. Prot. v. Fifth Third Bank, Nat'l Ass'n*, No. 20-cv-01683, 2021 WL 534658, at *1 (N.D. Ill. Feb. 12, 2021). Grant cites no case law holding that Regulation Z applies to his state-law claims. Indeed, Regulation Z by its own terms states that its purpose is to implement TILA, the "Competitive Equality Banking Act of 1987," the "certain provisions of the Real Estate Settlement Procedures Act of 1974," and "certain provisions of the Financial Institutions Reform, Recovery, and Enforcement Act." 12 C.F.R. § 1026.1(a). Because Grant's claim hinges on Regulation Z's applicability to his state-law claims, and Grant has not provided the Court with any support that enshrines the regulation's applicability, those claims (Counts VII-XI) fail.

### III. Declaratory Judgment Claim (Count XIII)

Finally, Grant includes a request for a declaratory judgment barring Chase from pursuing any statute of limitations defense with respect to the action previously filed in Illinois state court. Chase contends that this count "is based on an inapplicable and erroneous argument." (Reply, at 427). Grant counters that his statute of limitations argument is valid and a declaratory judgment will speed this case up by serving the judicial economy. (Resp., at 180). While it may be more efficient to resolve parties' legal rights and obligations via a valid declaratory judgment claim, the Court cannot recognize a claim premised on a fictitious legal principle. As explained above, a claim voluntarily dismissed without prejudice "turns back the clock; it is as if the plaintiff's lawsuit had never been brought." *Paragon Sales*, 1997 WL 89230, at *4. Because Grant's voluntarily dismissed state court action cannot provide a basis for tolling the statute of limitations here, his declaratory judgment claim must also fail. Count XIII is also dismissed.

### CONCLUSION

For all the foregoing reasons, Defendant JPMorgan Chase Bank N.A.'s partial motion to dismiss is granted, and Counts VI-XI and XIII of Plaintiff's complaint are dismissed. Counts I-V and XII of the complaint remain against Chase.

**DATED**: November 20, 2025        **ENTERED**:

LaShonda A. Hunt
United States District Judge

9